Will the clerk please call the next case? 123-0391-WC R & L Management Co., Inc. v. Brian Bendoff v. Illinois Workers' Compensation Comm'n Brenda Hudson-Everly v. Crystal Figueroa Mr. Bendoff, you may proceed. May it please the Court, Counsel, my name is Brian Bendoff. I represent Appellant Employer R & L Management in this matter. We're asking the Court today to affirm the Commission's decision in this matter with respect to- Mr. Bendoff, before we get into what we do with the Commission's decision, maybe you could tell us how we have jurisdiction in this case. I believe that there is a matter of statutory interpretation with respect to Section 1D of the definition of whether or not someone has sustained accidental injuries that arise out of employment, which is, at its heart, the crux of this matter. How do we have jurisdiction in this case? I understand the facts. The arbitrator denied compensation. The Commission affirmed or also denied compensation. It goes to the Circuit Court, and the Circuit Court reverses the Commission and remands it back to the Commission. How is that a final order? I believe that it is final order insofar as having a matter of statutory interpretation at this time before you. That makes it order final? As in Wooddale Electric? You cited two cases in support of your proposition that we have jurisdiction, neither of which has any relationship to the case in front of us. In Wooddale Electric, in that particular case, we reviewed an order of the Circuit Court which reversed the decision of the Commission that awarded benefits. The Circuit Court reversed that, and no benefits were awarded. That's a final order. There's no question about that. In this particular case, the Commission did not award benefits. The Circuit Court awards, reverses that, and sends it back to the Commission and told them to decide this case based on the disputed issue. That's not Wooddale Electric. In your other case, the way we got jurisdiction was the Circuit Court had decided two cases, two issues. Now, one of which, because they sent it back, and one of the issues we said the Circuit Court had no jurisdiction to decide that issue. So we vacated it, and then we were left with a final order. And those are the two cases. I'm at a loss to understand how we have jurisdiction in this case. You got to explain it to me. I was reliant upon Wooddale Electric, Justice Hoffman. My understanding was that we could submit our appeal to the Appellate Court. If there was a question of statutory interpretation, that was my reading of Wooddale, and it was my understanding that we had a question of statutory interpretation in this matter. Okay. Go ahead. I don't have any more questions on the issue. We're asking the Court today to affirm the Commission's decision with respect to the issue of accidents, specifically whether Petitioner's accident arose out of her employment duties. The primary issue in this matter, at its heart, is whether her accident constituted a work accident if the injury sustained involved an activity of daily life, an everyday activity when there was no distinct employment activity alleged at the time of accident. Petitioner attempted to sit down in a chair on February 26, 2015. At the time, she was working for my client's R&L management as a cashier. Place of business was a brick and mortar services store. She was responsible for cashing checks and preparing money orders, according to her testimony. On the date and time of her accident, she had not yet started her shift. She offered no testimony as to what she was doing. At the time that she sat down, we know that her shift had not begun yet, so we know she got to work early, but that's about it. She testified that the chair she was attempting to sit on was a perfectly functional office chair. When she attempted to sit down, it slipped out from under her. There was no testimony as to what the floor was made of and if it had any bearing on whether it caused the chair to slip out from under her. It would appear that she simply misjudged the when she attempted to sit. She fell to the ground and then subsequently received medical treatment. Well, let's stop right there for a moment. You said that she was not at work when this happened? She was at her place of employment. She testified that she had not yet punched in. Okay, would that mean that she shouldn't get compensated regardless of what took place afterwards? No, judge. That would constitute in the course of employment whether or not she was doing something to further her employment activity. So, in other words, why are we talking about it then? It would be in the course of her employment. Because it would not be arising out of her employment. That's a separate consideration, isn't it? Correct. So, we don't care whether she had clocked in, do we? Correct. So, this is did it arise out of her employment, is that correct? That is correct. Okay, and how do you analyze that? Well, we analyzed this at the time of hearing McAllister had not been decided by the Illinois Supreme Court. So, it went to a neutral risk analysis. The arbitrator at the time conducted that analysis, determined that there was no greater risk to the petitioner by attempting to sit in a chair. It was found not to be compensable. He determined that there was no issue with the chair. It was a perfectly functional chair. Petitioner had testified that part of the flooring had been installed with what she did not describe how much of the floor had been changed out or where in the building that had been changed out. Whether that was under her chair, away from her chair, we simply don't know. That was not elicited on direct examination. McAllister was thereafter decided by the Illinois Supreme Court. It then went to the commission for evaluation. The commission affirmed the arbitrator's decision. It then thereafter went to the circuit court. So, it affirmed or adopted? It did. It adopted the arbitrator's decision? My apologies. The commission adopted the arbitrator's. Okay, did they adopt it and apply McAllister? They did not comment any further. Even though McAllister had been decided by the commission? Correct. The commission decision indicated that they had reviewed all applicable law and were adopting the arbitrator's decision in full. So, they were imposing, inferring by adopting all applicable law at the time with the Supreme Court decision being out there that under the Supreme Court decision analysis of McAllister that this did not arise out of her employment. That is our position, Justice Oldridge. Okay, and is that right or wrong? In my opinion, it is absolutely correct. As in McAllister, benefits were awarded because petitioner was kneeling down at the time reaching for, I believe it was a carrot, he was a sous He was actively pursuing his employment duties. In Vaughan, the IWCC, petitioner at the time was not. Okay, well, we don't need a whole litany of those cases. The question is, was she in the course of? It is our position. My apologies. It is our position that petitioner was not engaged in employment activities at the time that she attempted to sit down. Was she to sit in a chair when she was employed? She testified that she largely stood and moved from computer to computer as she required different computers in order to engage in various job duties of hers. She did not testify as to whether there were any customers in the store, whether she was attempting to log in. She simply didn't testify to much other than her attempting to sit down and injuring herself. Well, is there any evidence there? Help me out here that the chair is provided by the employer. Is that correct? That is correct. And the employees sit in the chair while using the computer, right? That's not mandatory. There is no testimony to that effect. There's not, but it is provided. It is provided. We likened this to Rodney Buckley, the IWCC. Buckley was recently decided by this court. In Buckley, as I'm sure you may remember, petitioner alleged multiple injuries, one of which was allegedly sustained while walking to the supervisor's office. One knee injury was allegedly sustained while riding back from engaging in firefighting activities. He alleged that he was cooped up. And it's our position here that much like Rodney Buckley, this petitioner was not actively engaged in an employment activity when she alleges accident. She was, much like Vaughn, engaged in an activity of everyday life where there was nothing beyond a neutral risk, which this court applied. She was engaged in an everyday activity and she sustained injury. Therefore, it's our position that this was not a compensable work accident because it did not arise out of an activity relating to her employment. Would it make a difference if the employer said, here's the chair, here's the computer, you're to sit in the chair and work at the computer? Absolutely, Judge. Then it would be considered, it would be part of her employment if she was instructed to. Employment duties, I think is the word that was used. Yes, my apologies. It would be a mandatory duty. She was instructed to do so. In this case, we have no information, no testimony as to whether that was ever the case. My apologies. Petitioner in the instant matter just attempted to sit down in a non-defective chair, missed and sustained some level of injury, much like stepping over a non-defective curb did not arise out of Vaughn's employment. Falling off of a chair while not reaching for something or otherwise engaged in her employment would not be considered a work accident in our estimation. For the foregoing reasons, we respectfully request that you affirm the commission's decision in its entirety. Thank you. Questions from the bench? Any? Okay. Thank you, Mr. Bandoff. You'll have time in reply. Ms. Figueroa? May it please the court. Good morning, justices and counsel. My name is Crystal Figueroa and I represent the appellee, Ms. Brenda Hudson. We're requesting that this honorable court reverse the and that this matter be remanded to the commission to address the remaining disputed issues. You raised the jurisdictional issue in your brief. You made the argument that we have no jurisdiction. Correct. Well, don't you think we have to get to jurisdiction before we decide the merits of the case? Yes. Why don't you address the jurisdictional question? Sure. So it's our jurisdiction because this does not, the circuit court order is not final. He, the judge remanded it to the commission for factual findings that were substantive such as TTD and all other disputed issues including nature and extent. It was not final and he ordered further administrative proceedings. That's why it's my position that this court does not have jurisdiction. But assuming arguendo that this court believes it does have jurisdiction, I can get into the arising out of issue. But it's my position that this court does not have jurisdiction. Well, let me ask you this. In the reply brief from the appellant, they cite to Wooddale Electric and I don't really see much of an argument that they make as to how this is similar or dissimilar. But what is your understanding of the similarities between that case and this case? I did not see a lot of similarities to be honest. And when I reviewed the reply brief, I did see a mention of collateral estoppel which I do not believe is applicable in this case due to the change in law which is addresses this very specific issue of arising out of. And that's why if we do not review it under McAllister and remanded, it would be very unjust. But I didn't see any similarities in the cases that were cited in the reply brief. In the reply brief, it says it was determined that the lower court, and this is in referring to Wooddale, determined the lower court acted on its limited jurisdiction which triggered the appellate court's jurisdiction over the matter. Is there an allegation that the trial court in this case acted outside its scope of jurisdiction, its limited jurisdiction? I don't agree so. So as discussed, when this case was so they applied the neutral risk analysis. And at the circuit court level, McAllister was law. So it simply applied the law and I don't think it stepped outside of its authority. When the commission adopted the arbitrator's decision, was the Supreme Court McAllister law? It was law and it's correct that the commission adopted the decision. The arbitrator decision actually mentioned that McAllister was under consideration by the Illinois Supreme Court and that it would provide perhaps guidance on the issue of arising out of. I was hoping that in the commission decision, it'd be noted that it reviewed McAllister, but it simply adopted and affirms the is contrary to law. Okay. Thank you. You're welcome. Justices, if you would like me to proceed with the arising out of issue, I will do so, but I do not believe this court has jurisdiction. Any questions from the bench? None? Okay. Thank you, Ms. Figueroa. You're welcome. Mr. Bendoff, you may reply. I have nothing further, Judge. Okay. Very good. And I assume no further questions from the bench. And at this time, we thank you for your presentation and argument this morning.